Tracy L. Wright, ISB No. 8060
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208-954-5208
Email: twright@hawleytroxell.com

Attorneys for Plaintiff Western Power Sports, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN POWER SPORTS, INC. , <br><br> Plaintiff, <br><br> vs. <br><br> DAVID HALL and DIAMOND GUSSET, LLC, <br><br> Defendants. | Case No. _1:19-cv-452_____ <br><br> COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff Western Power Sports, Inc. ("Plaintiff"), by and through its undersigned

attorneys of record, for and against David Hall ("Hall") and Diamond Gusset, LLC ("DG")

(collectively referred to herein as "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.      This is an action under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*,

for declaratory judgment of non-infringement of Defendants' DEFENDER trademark pursuant to

the Trademark Laws of the United States, 15 USC § 1051, *et seq.,* and 15 USC § 1125, *et seq.*

COMPLAINT FOR DECLARATORY JUDGMENT - 1

Plaintiff seeks a declaration that its use of the word "Defender" does not infringe Defendants' rights in their DEFENDER trademark.

2.     This action arises out of Defendants' demands that Plaintiff discontinue all use of the word "Defender."

## PARTIES

3.     Plaintiff is an Idaho Corporation with its principal place of business at 601 E. Gowen Road, Boise, Idaho 83716.

4.     Upon information and belief, DG is a privately held company with its principal place of business at 183 Main Street, Lynchburg, Tennessee 87352.

5.     Upon information and belief, Hall is a principal of DG, and is a resident of the State of Tennessee.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7.     This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants have established minimum contacts with this forum, and have substantial, continuous, and systematic contacts with the State of Idaho.  Upon information and belief, Defendants advertise their products via the Internet and mailings to residents of the State of Idaho, market their products to consumers in the State of Idaho, sell their products to numerous residents of the State of Idaho, and derive income from numerous residents of the State of Idaho. By virtue of these actions, Defendants have purposefully availed themselves of the privilege of conducting business in this State and in this judicial District.

COMPLAINT FOR DECLARATORY JUDGMENT - 2

8.      Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because, upon information and belief, a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because Defendants are subject to personal jurisdiction in this District.

9.      An actual case or controversy exists between the parties.  Defendants have threatened to take action against Plaintiff, have asserted that Plaintiff is engaging in acts of trademark infringement and unfair competition, and have demanded that Plaintiff discontinue all use of the word "Defender."

## GENERAL ALLEGATIONS

10.     Plaintiff offers to sell products under the name "Highway 21" to consumers, including within the State of Idaho.

11.     Upon information and belief, Defendants offer to sell products under the name DEFENDER to consumers, including within the State of Idaho.

12.     Plaintiff is the record owner of U.S. Registration No. 5,738,739 for the word mark HIGHWAY 21 in International Class 25 (the "HIGHWAY 21 Word Mark").  A true and correct copy of the forgoing registration from the U.S. Patent and Trademark Status and Document Retrieval (TSDR) is attached hereto as Exhibit A.

13.     Plaintiff is the record owner of U.S. Registration No. 5,738,740 for the design mark consisting of the word "HIGHWAY" with a highway sign graphic to the right with the number "21" in the center in International Class 25 (the "HIGHWAY 21 Design Mark").  A true and correct copy of the forgoing registration from the U.S. Patent and Trademark Status and Document Retrieval (TSDR) is attached hereto as Exhibit B.

14.     Upon information and belief, Hall is the record owner of U.S. Registration No. 4,957,729 for the mark DEFENDER in International Class 9 (the "DEFENDER Mark").  A true and correct copy of the forgoing registration from the U.S. Patent and Trademark Status and Document Retrieval (TSDR) is attached hereto as Exhibit C.

15.     Plaintiff uses the registered trademark "Highway 21" to sell, among other things, jeans designed to meet the needs of motorcyclists, with the word "Defender" sometimes used as a model name for Plaintiff's products.

16.     Plaintiff's products clearly display Plaintiff's federally registered HIGHWAY 21 Design Mark in close proximity to the Defender model name.

17.     The word "Defender," as used by Plaintiff, performs no source identification function, and is not used as a trademark.  Exemplars of Plaintiff's use of the HIGHWAY 21 Design Mark and Defender model name are attached hereto as Exhibit D and Exhibit E.

18.     Defendants offer to sell products under the federally registered DEFENDER Mark.

18.     By letter dated October 7, 2019, counsel for Defendants demanded, *inter alia*, that Plaintiff "cease and desist all use" of the word "Defender."

19.     By letter dated October 24, 2019, counsel for Plaintiff explained that Plaintiff's use of the word "Defender" as a model name does not infringe on Defendants' rights to the DEFENDER Mark.

20.     By letter dated October 31, 2019, counsel for Defendants threatened Plaintiff with litigation based on Plaintiff's allegedly infringing use of the word "Defender."

COMPLAINT FOR DECLARATORY JUDGMENT - 4

21.     Defendants' repeated allegations that Plaintiff has infringed on the DEFENDER

Mark and their demands that Plaintiff cease all use of the word "Defender" created a reasonable

apprehension of litigation, and accordingly, there exists an actual case or controversy.

22.     Defendants' threats and demands have placed a cloud over Plaintiff's rights to

continue using the word "Defender" to market and sell its products.

23.     In light of Defendants' threats and allegations, Plaintiff is in need of, and is

entitled to, a judicial determination that (a) there is no likelihood of confusion between Plaintiff's

use of the word "Defender" on the one hand, and Defendants' DEFENDER Mark on the other,

and (b) Plaintiff's use of the word "Defender" does not infringe any federal trademark rights

owned by Defendants and does not constitute unfair competition under federal or state law.

## FIRST CLAIM FOR RELIEF

24.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 23 of

this Complaint as if set forth fully herein.

25.     Defendants claim that Plaintiff's use of the word "Defender" constitutes federal

and common law trademark infringement and unfair competition, and, under a threat of

litigation, demands that Plaintiff cease all use of the word "Defender" in commerce.

26.     An actual, present, and justiciable controversy exists between Plaintiff and

Defendants regarding Plaintiff's use of the word "Defender" in connection with marketing and

selling its products.

27.     There is no likelihood of consumer confusion arising from Plaintiff's use of the

word "Defender" as a non-source-identifying model name on the one hand, and Defendants'

DEFENDER Mark on the other

COMPLAINT FOR DECLARATORY JUDGMENT - 5

28.     Plaintiff seeks a declaratory judgment from this Court that its use of the word "Defender" is not "trademark use," as defined by the Lanham Act.

29.     Plaintiff seeks a declaratory judgement from this Court that Plaintiff's use of the word "Defender" does not constitute trademark infringement under the Lanham Act or under Idaho state common law.

30.     Plaintiff seeks a declaratory judgement from this Court that Plaintiff's use of the word "Defender" does not constitute unfair competition under the Lanham Act or under Idaho state common law.

31.     Plaintiff seeks a declaratory judgement from this Court that Defendants have not suffered, and will not suffer, any damages or loss of good as a result of Plaintiff's use of the word "Defender."

34.     Plaintiff seeks a declaratory judgement from this Court that Defendants are not entitled to any injunctive relief or damages under 15 U.S.C. § 1125 or the common law of the State of Idaho.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor as follows:

A. Declaring that Plaintiff's conduct, including its marketing and selling products using the word "Defender" does not constitute trademark infringement or unfair competition under the Lanham Act or under Idaho State law;

B. Declaring that Defendants are not entitled to any injunctive relief with respect to Plaintiff's use of the word "Defender";

COMPLAINT FOR DECLARATORY JUDGMENT - 6

C. Declaring that Defendants have not suffered any and will not suffer any harm or damages, and therefore are not entitled to any relief under the Lanham Act or under Idaho State law;

D. Declaring that Plaintiff is entitled to continue to use the word "Defender" in connection with marketing and selling its products;

E. Awarding Plaintiff its costs, expenses and attorney's fees in this action; and

F. Awarding such other and further relief to which Plaintiff may be entitled as a matter of law, equity, or which the Court deems proper and just under the premises.


DATED THIS 21st day of November, 2019.

HAWLEY TROXELL ENNIS & HAWLEY LLP


By   */s/ Tracy L. Wright*
     Tracy L. Wright, ISB No. 8060
     Attorneys for Plaintiff Western Power Sports, Inc.

44189.0021.12412034.2